Chief Judge Desmond (dissenting).
“We have often held that, if the language of a statute is plain and unambiguous, there is neither need nor warrant to look elsewhere for its meaning ” (Matter of Roosevelt Raceway v. Monaghan, 9 N Y 2d 293, 304, citing cases as far back as McCluskey v. Cromwell, 11 N. Y. 593 [1854]). “It is not allowable” wrote the court in McCluskey (p. 601) “ to interpret what has no need of interpretation, and when the words have a definite and precise meaning, to go elsewhere in search of conjecture in order to restrict or extend the meaning. ’ ’
What words are we assuming here to “interpret”? The Legislature, to put sharp teeth into its condemnation of the practice of filing willfully exaggerated liens, not only ordered such liens voided but provided also, in language unmistakable, that, where willful exaggeration has been found by the court, the owner’s damages “ shall include * * * an amount equal to the difference by which the amount claimed to be due or to become due as stated in the notice of lien exceeded the amount actually due or to become due thereon.” What two meanings *200 could ever be ascribed to such plain and forthright words! Where is the ambiguity! Three elements only enter into the mandated result: finding of exaggeration, amount claimed in the notice of lien, amount found actually due. The rest is mere subtraction of the smaller figure from the larger. Appellant was, therefore, entitled as matter of law to the signing and entry of the judgment he submitted and in which he asked for the precise amount of that mathematically determined figure.
I see no substance to the alleged constitutional point, which was not raised by counsel.
The order should be modified by providing for the recovery by defendant against plaintiff of $13,077.73, with interest, and costs in all courts.
Judges Fuld, Scileppi and Bergan concur with Judge Van Voorhis; Chief Judge Desmond dissents in an opinion in which Judges Dye and Burke concur.
Order modified and matter remitted to Special Term for further proceedings in accordance with the opinion herein, with costs to appellant.